UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
PB Life and Annuity Co., Ltd., f/k/a Private
Bankers Life and Annuity Co., Ltd.,

                Plaintiff,

      v.

Universal Life Insurance Company,

                Defendant.
------------------------------------------------------------x

No. 20-cv-2284 (LJL)

# UNIVERSAL LIFE INSURANCE COMPANY'S
# MOTION TO CONFIRM ARBITRATION AWARD

CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

*Attorneys for Universal Life
Insurance Company*

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS .......................................................................................................1

    A.    The Parties ...................................................................................................1

    B.    The Reinsurance Agreement Between ULICO and PBLA..............................2

    C.    ULICO's Demand for Arbitration Under the Reinsurance Agreement ..........3

    D.    The Court Action ..........................................................................................3

    E.    The Arbitration.............................................................................................4

ARGUMENT .............................................................................................................................4

    I.    The Award Must be Confirmed Under the FAA and the New York Convention. ...............................................................................................4

        A.    The New York Convention, as Supplemented by the FAA, Applies Here and is the Basis for the Court's Subject Matter Jurisdiction. .........................4

        B.    Arbitration Awards are Entitled to Great Deference. ..............................5

    II.    The Panel has the Authority to Award Pre-Hearing Relief. .............................7

        A.    The Panel is Authorized by the Reinsurance Agreement and the Governing AAA Rules..............................................................................7

        B.    The Panel is Authorized by Law to Award Pre-Hearing Security. ..........8

        C.    None of the Bases Under the Convention or the FAA for Vacating an Arbitration Award are Present Here. .................................................9

CONCLUSION..........................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agility Pub. Warehousing Co. K.S.C. v. Supreme Foodservice GmbH*,
   495 F. App'x 149 (2d Cir. 2012) ................................................................................................6

*Charles Constr. Co. v. Derderian*,
   412 Mass. 14, 586 N.E.2d 992 (1992) ........................................................................................9

*Idea Nuova, Inc. v. GM Licensing Grp., Inc.*,
   617 F.3d 177 (2d Cir. 2010) ........................................................................................................7

*Int'l Eng'g & Constr. S.A. v. Baker Hughes*,
   399 F. Supp. 3d 194, 201 (S.D.N.Y. 2019)..................................................................................7

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,
   729 F.3d 99 (2d Cir. 2013) ..........................................................................................................6

*Next Step Med. Co. v. Johnson & Johnson Int'l*,
   619 F.3d 67 (1st Cir. 2010) .........................................................................................................8

*Pacific Reins. Mgt. Corp. v. Ohio Reins. Corp.*,
   935 F.2d 1019 (9th Cir. 1991) ....................................................................................................9

*Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*,
   497 F.3d 133 (2d Cir. 2007) ........................................................................................................6

*ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*,
   564 F.3d 81 (2d Cir. 2009) ..........................................................................................................6

*Rich v. Spartis*,
   516 F.3d 75 (2d Cir. 2008) ..........................................................................................................6

*Scandinavian Reins. Co. v. St. Paul Fire & Marine Ins. Co.*,
   668 F.3d 60 (2d Cir. 2012) ..........................................................................................................5

*Sperry Int'l Trade, Inc. v. Gov't of Israel*,
   689 F.2d 301 (2d Cir. 1982) ........................................................................................................8

*Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp.*,
   130 S. Ct. 1758 (2010) ................................................................................................................6

*Wallace v. Buttar*,
   378 F.3d 182 (2d Cir. 2004) ...................................................................................................5, 6

*Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*,
   126 F.3d 15 (2d Cir. 1997) ............................................................................................ 4, 5, 7, 10

**Statutes**

9 U.S.C. § 9 ....................................................................................................................................... 1

9 U.S.C. § 10 ................................................................................................................................ 7, 10

9 U.S.C. § 11 ................................................................................................................................ 7, 10

9 U.S.C. § 203 ............................................................................................................................. 1, 4, 5

9 U.S.C. § 207 ............................................................................................................................. 1, 5, 6

## PRELIMINARY STATEMENT

Defendant Universal Life Insurance Company ("ULICO"), by its attorneys, Clyde & Co US LLP, respectfully submits this motion, pursuant to 9 U.S.C. §§ 9 and 207, to confirm the June 2, 2020 arbitration award (the "Award") issued unanimously by a panel of three arbitrators (the "Panel") in an arbitration between ULICO and Plaintiff PB Life and Annuity Co., Ltd. f/k/a Private Bankers Life and Annuity Co., Ltd. ("PBLA").[1]

The Court has subject matter jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention" or "Convention"). The Convention expressly conveys original jurisdiction to district courts over proceedings falling under the Convention. *See* 9 U.S.C. § 203. Under the statutory framework set out by the FAA and the New York Convention, arbitration awards "shall" be confirmed absent very narrow circumstances, none of which are present in this matter. ULICO respectfully requests that the Award therefore be confirmed forthwith as a judgment of this Court.

## STATEMENT OF FACTS

**A.   The Parties**

ULICO is a stock life insurance company licensed and domiciled in Puerto Rico. *See* ECF No. 16, ¶ 3. Among the business written by ULICO is annuity insurance for private individuals. *Id.* PBLA is a life reinsurance company licensed and domiciled in Bermuda. *Id.* PBLA is one of a number of insurance companies and commercial businesses ultimately owned by a single individual: Greg E. Lindberg. *Id.*

---

[1] A true and correct copy of the Panel's Award is attached as Exhibit A to the June 4, 2020 Affirmation of Michael A. Knoerzer.

1

B.    **The Reinsurance Agreement Between ULICO and PBLA**

On June 30, 2017, ULICO and PBLA entered into a Coinsurance Reinsurance Agreement (the "Reinsurance Agreement") under which ULICO agreed to cede to PBLA, and PBLA agreed to reinsure, between 75% and 100% of ULICO's obligations under certain insurance policies or annuity contracts written by ULICO, with the percentage of reinsurance depending upon the particular type of policy sold.  *See* ECF No. 16-1, § 2.1(a)-(b).

The Reinsurance Agreement contains the following arbitration clause:

(a) Except as otherwise provided in this Reinsurance Agreement, all disputes or differences between the Parties arising under or relating to this Reinsurance Agreement upon which an amicable understanding cannot be reached shall be decided by arbitration pursuant to the terms of this Section.  Except as otherwise provided in this Reinsurance Agreement, the arbitration proceeding shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

(b) The court of arbitrators shall consist of three (3) arbitrators who must be officers or retired officers of life insurance or reinsurance companies (other than the Parties to this Reinsurance Agreement or their Affiliates).  Each arbitration under this Reinsurance Agreement shall be held in Puerto Rico, unless a different location is mutually agreed upon by the Parties.

(c) Within thirty (30) calendar days of written demand of any Party to arbitrate any dispute, ULICO and PBLA shall each appoint an arbitrator and notify the other Party of the name and address of their arbitrator.  The two (2) arbitrators so appointed shall thereupon select a third (3rd) arbitrator.  If either Party shall fail to appoint an arbitrator as herein provided, or should the two (2) arbitrators so named fail to select a third (3rd) arbitrator within thirty (30) calendar days of their appointment, then in either event, either Party may request the American Arbitration Association to appoint the third (3rd) arbitrator.  The three (3) arbitrators so selected shall constitute the court of arbitrators.

(d) A decision of a majority of said court of arbitrators shall be final and binding and there shall be no appeal therefrom.  The court shall not be bound by legal rules of procedure and may receive evidence in such a way as to do justice between the Parties.  The court shall enter an award which shall do justice between the Parties and the award shall be supported by written opinion.

(e) The cost of arbitration, including the fees of the arbitrators, shall be borne equally by the Parties unless the court of arbitrators shall decide otherwise.

ECF No. 16-1, § 10.1.

2

**C.     ULICO's Demand for Arbitration Under the Reinsurance Agreement**

On January 16, 2020, ULICO sent a "Cure Letter" giving PBLA notice that it was in breach of certain provisions of the Reinsurance Agreement and demanding that PBLA cure that breach. *See* ECF No. 21-1. PBLA responded on January 24, 2020, denying that it was in breach of the provisions of the Reinsurance Agreement. *See* ECF No. 21-2.

On January 27, 2020, ULICO demanded arbitration against PBLA under Section 10.1 of the Reinsurance Agreement. *See* ECF No. 16-4. On February 24, 2020, consistent with the requirement of Section 10.1(c) of the Reinsurance Agreement, ULICO notified PBLA of its appointment of Mr. David Thirkill as arbitrator. *See* ECF No. 16-6.

On February 25, 2020, PBLA responded to ULICO's demand for arbitration by denying that it had breached the Reinsurance Agreement and by expressing its refusal to participate in the arbitration. *See* ECF No. 16-5. When PBLA thereafter refused to designate an arbitrator, ULICO requested that the American Arbitration Association ("AAA") appoint an arbitrator on PBLA's behalf, as is authorized by the governing AAA Commercial Arbitration Rules ("AAA Rules"). *See* ECF No. 16-7. On April 6, 2020 the AAA, on behalf of PBLA, appointed Daniel E. Schmidt, IV as the second arbitrator. *See* ECF No. 16-12. As contemplated by the arbitration clause in the Reinsurance Agreement, Mr. Schmidt and Mr. Thirkill selected a third arbitrator, Mr. Klaus H. Kunze, on April 21, 2020. *See* ECF No. 16-13.

**D.     The Court Action**

On March 13, 2020, PBLA filed a Complaint in this case seeking to enjoin the arbitration. ECF No. 1. ULICO cross-moved to compel arbitration. ECF No. 14. By Opinion and Order dated May 13, 2020, the Court granted ULICO's motion to compel arbitration and denied PBLA's motion to enjoin the arbitration. ECF No. 33.

E.   **The Arbitration**

The arbitration Panel held a telephonic organizational meeting on April 29, 2020 to establish the procedures for the arbitration and to set a briefing schedule with respect to ULICO's motion for a preliminary award.  *See* Ex. A at 3.  PBLA's counsel appeared at the organizational meeting under a reservation of rights.  *Id.*  Thereafter, according to the schedule and process agreed during the organizational meeting, the parties, throughout the month of May 2020, exchanged motion papers and exhibits.  *Id.* at 3-4.  Additionally, ULICO submitted sworn witness statements in support of its application.  *Id.*

A two hour oral argument was heard on May 29, 2020 before the Panel, with both parties arguing their respective positions and calling the Panel's attention to the documents in their respective submissions.  *Id.* at 4.  Following the May 29 hearing, the Panel commenced deliberation.  *Id.*  On June 2, 2020, the Panel unanimously issued the Award granting ULICO's motion and ordering that PBLA shall pay to ULICO the amount of $524,009,051.26 within ten business days of the date of the Award for deposit into a segregated account to be used as security for PBLA's reinsurance liabilities to ULICO.  *Id.* at 6.

## ARGUMENT

I.   **The Award Must be Confirmed Under the FAA and the New York Convention.**

   A.   **The New York Convention, as Supplemented by the FAA, Applies Here and is the Basis for the Court's Subject Matter Jurisdiction.**

The Convention applies to arbitration proceedings that arise out of commercial legal relationships where at least one foreign party (in this case, PBLA) is involved.  *See Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997) (arbitration awards are "subject to the Convention" when made "involving parties domiciled or having their principal place of business outside the enforcing jurisdiction").

4

> The Convention provides:
>
> > Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207 (emphasis added). Section V of the Convention states that a court may refuse to confirm a foreign award if it "has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made." *See* New York Convention, art. V(1)(e), 21 U.S.T. 2517. Accordingly, the Convention permits "a court in the country under whose law the arbitration was conducted to apply domestic arbitral law, in this case the FAA, to a motion to set aside or vacate that arbitral award."[2] Unlike the FAA, the New York Convention establishes an independent basis for subject matter jurisdiction. 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.").

### B.     Arbitration Awards are Entitled to Great Deference.

"It is well established that courts must grant an arbitration panel's decision great deference. A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004). Consistent with the strong public policy in favor of arbitration, the review of arbitral awards is very limited under both the

---

[2] *Yusuf Ahmed Alghanim & Sons*, 126 F.3d at 21; *see also Scandinavian Reins. Co. v. St. Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) ("Because the Award in the St. Paul Arbitration was entered in the United States, however, the domestic provisions of the FAA also apply, as is permitted by Articles V(1)(e) and V(2) of the New York Convention. The FAA and the New York Convention work in tandem, and they have overlapping coverage to the extent that they do not conflict.") (citations and internal quotation marks omitted).

5

FAA and the Convention. *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 103 (2d Cir. 2013) ("The role of a district court in reviewing an arbitration award is narrowly limited and arbitration panel determinations are generally accorded great deference under the Federal Arbitration Act."); *Agility Pub. Warehousing Co. K.S.C. v. Supreme Foodservice GmbH*, 495 F. App'x 149, 151 (2d Cir. 2012) (review of arbitral awards under the New York Convention is very limited).

A petition brought under the FAA is "not an occasion for de novo review of an arbitral award." *Wallace*, 378 F.3d at 189. A court's review of an arbitration award is instead "severely limited," *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 85 (2d Cir. 2009), so as not to frustrate the "twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation," *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008) (internal quotation marks omitted); *see also Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007) ("This Court has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process."). Therefore, in order to obtain vacatur of the decision of an arbitral panel under the FAA, a party "must clear a high hurdle." *Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1767 (2010).

As stated in Section 207, confirmation of an arbitration award under the Convention is mandatory unless one of the specified grounds for the refusal or deferral of enforcement applies: (1) incapacity of a party; (2) lack of notice; (3) resolution of a non-arbitrable dispute; (4) improper composition of the arbitration panel; (5) an award that is not binding; (6) subject matter of the arbitration that is not capable of settlement by arbitration under the law of the country where enforcement of the award is sought; or (7) a violation of public policy arising from

recognition of the award.  *See* New York Convention, art. V, 21 U.S.T. 2517; *Yusuf Ahmed Alghanim & Sons*, 126 F.3d at 19.  None of the grounds for vacating an award under the Convention are present here.

Under the statutory requirements of the FAA, an arbitration award may only be vacated if it is the product of: (1) fraud or undue means; (2) evident partiality or corruption in the arbitrators; (3) arbitrator misconduct; (4) the arbitrators exceeding their powers; or (5) evident material miscalculation or mistake.  *See* 9 U.S.C. §§ 10(a)(1)-(4) – 11(a).  None of the grounds for vacating an award under the FAA are present here.

II.     **The Panel has the Authority to Award Pre-Hearing Relief.**

   A.   **The Panel is Authorized by the Reinsurance Agreement and the Governing AAA Rules.**

The arbitration clause in the Reinsurance Agreement mandates that "all disputes or differences between the Parties arising under or relating to this Reinsurance Agreement upon which an amicable understanding cannot be reached shall be decided by arbitration."  ECF No. 16-1, § 10.1(a).  That same arbitration clause provides that "the arbitration proceeding shall be conducted in accordance with the Commercial Rules of the American Arbitration Association."  *Id.*  The AAA Rules provide that the "parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Commercial Arbitration Rules."  AAA R-1(a); *see also Idea Nuova, Inc. v. GM Licensing Grp., Inc.*, 617 F.3d 177, 182 (2d Cir. 2010) (an agreement to resolve commercial disputes pursuant to the AAA Commercial Arbitration Rules incorporates those rules into the contract).  Under those rules, arbitrators "shall have the power to rule on [their] own jurisdiction."  AAA R-7; *Int'l Eng'g & Constr. S.A. v. Baker Hughes*, 399 F. Supp. 3d 194, 201 (S.D.N.Y. 2019) ("An arbitration clause that incorporates the AAA's rules

7

'that empower an arbitrator to decide issues of arbitrability . . . serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator.'").

Rule 37 of the AAA Rules states that:

(a) *The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods.*

(b) Such interim measures may take the form of an interim award, and the arbitrator may require security for the costs of such measures.

AAA R-37(a)-(b) (emphasis added). In addition, the AAA Rules authorize the Panel to "grant any remedy or relief that [it] deems just and equitable and within the scope of the agreement of the parties . . . including interim, interlocutory, or partial rulings, orders, and awards." AAA R-47(a)-(b).

### B. The Panel is Authorized by Law to Award Pre-Hearing Security.

In addition to the authority that the AAA Rules grant to the arbitration Panel in this case, arbitrators have the inherent authority to grant interim relief they deem just and proper to the extent such relief is not specifically prohibited by the parties' contract. *See Next Step Med. Co. v. Johnson & Johnson Int'l*, 619 F.3d 67, 70 (1st Cir. 2010) (citing 1 M. Domke, Domke on Commercial Arbitration § 35:2 (3d ed. 2003)) (it was up to the arbitrator to decide motions for preliminary relief where arbitration clause requires the parties to use the Commercial Arbitration Rules of the American Arbitration Association). This inherent authority is well-recognized by U.S. courts as providing arbitration panels the power to require parties to pay amounts in advance of a final hearing. *See, e.g.*, *Sperry Int'l Trade, Inc. v. Gov't of Israel*, 689 F.2d 301, 303 (2d Cir. 1982) (affirming confirmation of arbitrators' pre-hearing award requiring funds to be placed in escrow account in parties' joint names, and prohibiting transfer or withdrawal of funds, or placement of any lien or encumbrance on them, pending decision on the merits in

arbitration governed by AAA rules); *Pacific Reins. Mgt. Corp. v. Ohio Reins. Corp.*, 935 F.2d 1019 (9th Cir. 1991) (affirming district court's confirmation of arbitrator's interim award requiring the establishment of an escrow account); *Charles Constr. Co. v. Derderian*, 412 Mass. 14, 586 N.E.2d 992 (1992) (generally, in absence of agreement or statute to contrary, arbitrators have inherent authority to order parties to provide security while arbitration is continuing; authority to act could reasonably be implied from agreement to arbitrate itself to ensure that arbitration would not be fruitless through interim orders to preserve status quo or to make meaningful relief possible); 2 M. Domke, Domke on Commercial Arbitration § 35:4 ("A party to an arbitration agreement can seek a provisional remedy . . . if the award to which the party may be entitled will be rendered ineffectual without such provisional relief.").

Nothing in the Reinsurance Agreement prohibits the Panel from awarding interim relief or pre-hearing security. To the contrary, PBLA agreed to maintain assets satisfying the requirements set forth in Section 4.2 – specifically in order to "secure payment of amounts owed by PBLA to ULICO" under the Reinsurance Agreement – and further agreed to promptly contribute additional funds to the extent that the value of assets in the Trust Accounts became deficient. *See* ECF No. 16-1, §§ 4.1, 4.2(a), (i), (k). There can be no reasonable argument that the Reinsurance Agreement prohibits the arbitrators from awarding the relief they did.

      **C.**    **None of the Bases Under the Convention or the FAA for Vacating an Arbitration Award are Present Here.**

As set forth above, confirmation of an arbitration award under the Convention is mandatory unless one of the specified grounds for the refusal or deferral of enforcement applies: (1) incapacity of a party; (2) lack of notice; (3) resolution of a non-arbitrable dispute; (4) improper composition of the arbitration panel; (5) an award that is not binding; (6) subject matter of the arbitration that is not capable of settlement by arbitration under the law of the country

9

where enforcement of the award is sought; or (7) a violation of public policy arising from recognition of the award.  *See* New York Convention, art. V, 21 U.S.T. 2517; *Yusuf Ahmed Alghanim & Sons*, 126 F.3d at 19.

Confirmation of an arbitration award under the FAA is mandatory unless it is the product of: (1) fraud or undue means; (2) evident partiality or corruption in the arbitrators; (3) arbitrator misconduct; (4) the arbitrators exceeding their powers; or (5) evident material miscalculation or mistake.  *See* 9 U.S.C. §§ 10(a)(1)-(4) – 11(a).

The only one of these bases that PBLA has raised previously is a challenge to the arbitrability of ULICO's claim.  Both the Court[3] and the arbitration Panel[4] have rejected PBLA's challenges to the arbitrability of ULICO's claims.  No other bases for vacating the Award have been alleged and no other basis exists.  Therefore, the Panel's Award must be confirmed as a judgment of the Court.

## CONCLUSION

For the reasons set forth above, there is no basis to vacate the Panel's June 2, 2020 Award under either the Convention or the FAA.  Therefore, ULICO respectfully requests that the Court issue an Order pursuant to 9 U.S.C. §§ 9 and 207 confirming the Award, directing that judgment be entered thereon, and granting such other relief as the Court may deem just and proper.

---

[3] *See, e.g.*, ECF No. 33 at 20-21 ("If PBLA wishes to argue that . . . a dispute that implicates both the Trust Agreement and the Reinsurance Agreement is outside the scope of the arbitration clause of the Reinsurance Agreement, that argument is properly presented to the arbitrator.  That is the agreement the parties struck.").

[4] *See* Ex. A at 3 ("[T]he Panel advised the Parties on May 24 that it had determined that 'the Reinsurance Agreement, including the arbitration clause and Section 4.2(a), survived the passage of the Trust Agreement and that the present dispute between ULICO and PBLA that implicates both the Trust Agreement and the Reinsurance Agreement comes within the scope of the arbitration clause'.").

Dated:   New York, New York
         June 4, 2020

                                        Respectfully submitted,

                                        CLYDE & CO US LLP

                                        By: _____
                                             Michael A. Knoerzer
                                             Jeffrey C. Fegan
                                             Kyley Knoerzer
                                        The Chrysler Building
                                        405 Lexington Avenue
                                        New York, New York 10174
                                        T: (212) 710-3900

                                        *Attorneys for Universal Life*
                                        *Insurance Company*